1  Justin H. Pfrehm, Esq.
   Nevada Bar No. 7484
2  Thorndal Armstrong Delk Balkenbush & Eisinger
   6590 S. McCarran, Suite B
3  Reno, Nevada 89509
   Tel: (775) 786-2882
4  Attorneys for Defendant/Third-Party Plaintiff
   ROCKY MOUNTAIN EGGS, INC.
5
6              **UNITED STATES DISTRICT COURT,**
7                    **DISTRICT OF NEVADA**

8
9  HARRY WISEMAN,                              Case No.: 3:19-cv-00153-RCJ-CBC
10              Plaintiff,
11  vs.
                                               **DEFENDANT/THIRD-PARTY**
12  JACOBS ENTERTAINMENT, INC., a              **PLAINTIFF ROCKY MOUNTAIN EGGS,**
    Delaware Corporation; ROCKY                **INC.'S NOTICE OF DISCOVERY**
13  MOUNTAIN EGGS, INC., a California          **DISPUTE**
    Corporation; SYSCO USA I, INC., a
14  Delaware Corporation; DOES 1 through 10,
    inclusive; and ROE ENTITIES 1 through 10,
15  inclusive,
16              Defendants.

17
18         Pursuant to the Court's 1/21/20 *Minutes of Proceedings* [Document 48] and the 6/15/20
19  *Minutes of the Court* [Document 66], Defendant/Third-Party Plaintiff, ROCKY MOUNTAIN
20  EGGS, INC., by and through its attorneys, Thorndal Armstrong Delk Balkenbush & Eisinger,
21  hereby provides the following *Notice of Discovery Dispute*.
22         This motion is supported by the papers and pleadings on file in the above-referenced
23  action and the attached Memorandum of Points and Authorities.
24  //
25  //
26  //
27  //
28  //

- 1 -

DATED this 13th day of July, 2020.

THORNDAL ARMSTRONG
DELK BALKENBUSH & EISINGER

By: /s/ Justin H. Pfrehm
JUSTIN H. PFREHM, ESQ.
Nevada Bar No. 7484
6590 S. McCarran Blvd., Suite B
Reno, Nevada 89509
Attorneys for Defendant/Third-Party
Plaintiff/Cross-Defendant
ROCKY MOUNTAIN EGGS, INC.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.   Statement of Discovery Dispute

This is a personal injury lawsuit brought by Harry Wiseman wherein he alleges that he contracted a Salmonella-related illness after he dined at The Grill at Gold Dust West, located at 1660 NV-225, Elko, Nevada, in March 2019. Specifically, Mr. Wiseman alleges that his illness was the result of him eating eggs at the restaurant. The named defendants and/or third-party defendants are the entities who were in the chain of distribution of the eggs. Mr. Wiseman's original Complaint was filed on 3/19/19 and a Second Amended Complaint was filed on 9/16/19.

On 11/21/19, Rocky Mountain Eggs, Inc. filed an Answer to Plaintiff's Second Amended Complaint and a Third-Party Complaint against Shepherd & Sons Poultry Farm, which was the entity that processed and supplied the eggs which were allegedly the source of Mr. Wiseman's illness.

The parties held a FRCP 26 meeting and made their respective initial disclosures that are required by FRCP 26(a). While Shepherd's & Sons Poultry Farms, Inc.'s 2/19/20 initial disclosure contained the declarations to its relevant insurance policies, it did not disclose a complete copy of the policies. Additionally, several requests have been made to Shepherd's & Sons Poultry Farms, Inc. to supplement its initial disclosure with a complete copy of the insurance policy, but those requests have gone unanswered. *See* Declaration of Justin Pfrehm (**Exh. 1**)

Under FRCP 37(a) a party may compel another party's compliance with discovery "[i]f a party fails to make a disclosure required by Rule 26(a)...". Under FRCP 26(a), a party is required to make an initial disclosure which includes the following information:

> (iv) for inspection and copying as under Rule 34, <u>any insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment in the action or to indemnify or reimburse for payments made to satisfy the judgment</u>.

FRCP 26(a)(1)(A)(iv)(emphasis added).

Here, Shepherd's & Sons Poultry Farm, Inc. has not disclosed a complete copy of the "Palomar Insurance Corporation" insurance policies (primary and excess) referenced in the its FRCP 26(a) initial disclosure pleading. As stated in the Declaration of Rocky Mountain Eggs, Inc.'s counsel (**Exh. 1**), numerous requests for a complete copy of any insurance policies have been made to Shepherd's via its counsel. However, despite these attempts to resolve this discovery issue without court intervention, Shepherd's has not complied with the request and produced the insurance policies that are required by FRCP 26(a).

## II. Proposed Resolution of Discovery Dispute

The Court should enter a decision requiring Shepherd's & Sons Poultry Farm, Inc. to immediately comply with the requirements of FRCP 26(a)(1)(A)(iv) and produce a complete copy of its liability and excess insurance policies, including all forms, declarations and endorsements.

**AFFIRMATION**
**Pursuant to NRS 239B.030**

The undersigned hereby affirms that this document does not contain the Social Security number of any person.

DATED this 13th day of July, 2020.

THORNDAL ARMSTRONG
DELK BALKENBUSH & EISINGER

By:  /s/ *Justin H. Pfrehm*
JUSTIN H. PFREHM, ESQ.
Nevada Bar No. 7484
6590 S. McCarran Blvd., Suite B
Reno, Nevada 89509
Attorneys for Defendant/Third-Party
Plaintiff/Cross-Defendant
ROCKY MOUNTAIN EGGS, INC.

## CERTIFICATE OF SERVICE

Pursuant to FRCP 5(b), I certify that I am an employee of the law firm of Thorndal Armstrong Delk Balkenbush & Eisinger, and on this date, I caused the foregoing **DEFENDANT/THIRD-PARTY PLAINTIFF ROCKY MOUNTAIN EGGS, INC.'S NOTICE OF DISCOVERY DISPUTE** to be electronically filed with the United States District Court's electronic filing system (CM/ECF) which will send a notice of electronic filing to the following:

Craig M. Murphy, Esq.
Murphy & Murphy Law Offices
8414 W. Farm Road, Suite 180, Box 207
Las Vegas, NV 89131
Attorney for Plaintiff

Timothy Hunter, Esq.
Ray Lego & Associates
7450 Arroyo Crossing Pkwy, Suite 250
Las Vegas, NV 89113
Attorney for Defendant
Jacobs Entertainment, Inc., and Gold Dust Elko

Vieterbo L. Valera, Esq.
P.K. Schrieffer, LLP
100 North Barranca St., Ste. 1100
West Covina, CA 91791

Ryan Dennett, Esq.
Dennett Winspear, LLP
3301 North Buffalo Drive, Ste. 195
Las Vegas, NV 89129

M. Caleb Meyer, Esq.
Christina Mundy-Mamer, Esq.
Messner Reeves, LLP
8945 W. Russell Road, Ste. 300
Las Vegas, NV 89148

DATED this 13th day of July, 2020.

/s/ Jennifer Livermore
An employee of Thorndal Armstrong
Delk Balkenbush & Eisinger

# EXHIBIT 1 –
## "Declaration in Support of Defendant/Third-Party Plaintiff Rocky Mountain Eggs, Inc's Notice of Discovery Dispute"

# EXHIBIT 1 –
## "Declaration in Support of Defendant/Third-Party Plaintiff Rocky Mountain Eggs, Inc's Notice of Discovery Dispute"

Justin H. Pfrehm, Esq.
Nevada Bar No. 7484
Thorndal Armstrong Delk Balkenbush & Eisinger
6590 S. McCarran, Suite B
Reno, Nevada 89509
Tel: (775) 786-2882
Attorneys for Defendant
ROCKY MOUNTAIN EGGS, INC.

## UNITED STATES DISTRICT COURT,

## DISTRICT OF NEVADA

| | |
|---|---|
| HARRY WISEMAN,<br><br>  Plaintiff,<br><br>vs.<br><br>JACOBS ENTERTAINMENT, INC., a Delaware Corporation; ROCKY MOUNTAIN EGGS, INC., a California Corporation; SYSCO USA I, INC., a Delaware Corporation; DOES 1 through 10, inclusive; and ROE ENTITIES 1 through 10, inclusive,<br><br>  Defendants. | Case No.: 3:19-cv-00153-RCJ-CBC<br><br>**DECLARATION IN SUPPORT OF DEFENDANT/THIRD-PARTY PLAINTIFF ROCKY MOUNTAIN EGGS, INC.'S NOTICE OF DISCOVERY DISPUTE** |

I, JUSTIN PFREHM, hereby declare under penalty of perjury of the laws of the State of Nevada that the following is true and correct:

1. My office is attorney of record for Rocky Mountain Eggs, Inc., a Defendant/Third-Party Plaintiff in this case.

2. All parties in this case made their respective initial disclosures that are required by FRCP 26(a). Third-Party Defendant, Shepherd's & Sons Poultry Farm, Inc. made its initial disclosure on 2/19/20. Shepherd's & Sons Poultry Farm, Inc.'s initial disclosure contained the declarations to its relevant liability and excess insurance policies, which were apparently issued by Palomar Insurance Corporation. However, Shepherd's & Sons Poultry Farm, Inc.'s disclosure did not include a complete copy of those insurance agreements/policies.

- 1 -

- 2 -

3. On several occasions since receiving Shepherd & Sons Poultry Farm, Inc.'s initial disclosure the undersigned contacted Viterbo Valera, Esq., the attorney for Shepherd's & Sons Poultry Farm, Inc. and advised him of the necessity of his client producing complete copies of its insurance policies pursuant to FRCP 26(a)(1)(A)(iv). Some of those communications included emails were sent to Mr. Valera on 5/20/20 and 6/2/20.

4. I spoke directly to Mr. Valera, Esq., on 6/17/20 and we discussed the issue of his client's insurance policies not yet being produced. I told Mr. Valera that I would give him and his client until 7/1/20 to produce the requested insurance policies but if the policies were not produced by that date then I would file a notice renewing the motion to compel that had previously been filed on behalf of Rocky Mountain Eggs, Inc. and which was denied, without prejudice, by the Court by Order dated 6/15/20.

5. Mr. Valera e-mailed me on 7/2/20 and advised that he still did not have the requested insurance policies and he would update me. I spoke with Mr. Valera again on the telephone on 7/9/20 and told him I had waited as long as I could wait for the policies and if I did not receive the policies by the end of the day on 7/10/20 then I would renew the motion to compel.

6. I did not receive the insurance policies from Mr. Valera by the end of the day on 7/10/20. Nor did I receive any communication from him about the status of his client's production of the insurance policies.

7. Despite the undersigned's numerous requests for production of these insurance agreements/policies—both in writing and orally-- Shepherd's & Sons Poultry Farm, Inc. has never complied with FRCP 26(a)(1)(A)(iv) by producing complete copies of "any insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment in the action or to indemnify or reimburse for payments made to satisfy the judgment."

8. Pursuant to FRCP 37(a), LR IA 1-3(f) and for the reasons stated in this Declaration, I hereby certify that I have made a good faith effort to confer with counsel for Third-Party Defendant, Shepherd's and Sons Poultry Farm, Inc. about the matters contained in this Declaration, as described herein, and have been unable to resolve the matter satisfactorily without court intervention.

Executed: July 13th, 2020.

_____
JUSTIN PFREHM

- 3 -